# EXHIBIT A

## Larry Darlington Plaintiff vs. Combe, Inc.,, et al Defendant

**Broward County Case Number:** CACE21003768
**State Reporting Number:** 062021CA003768AXXXCE
**Court Type:** Civil
**Case Type:** Products Liability
**Incident Date:** N/A
**Filing Date:** 02/22/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 13 Robinson, Michael A.

### ─ Party(ies)

Total: 3

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Darlington, Larry** | | ★ Hernandez, Armando G<br>Retained<br>Bar ID: 85042<br>Law Offices of Armando G Hernandez<br>780 Tamiami Canal Rd<br>Miami, FL 33144-2553<br>**Status: Active** |
| Defendant | **Combe, Inc.,** | | |
| Defendant | **Walgreens, Inc.,** | | |

### ─ Disposition(s)

Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|
| Date | Disposition(s) | View | Page(s) |

### ─ Event(s) & Document(s)

Total: 4

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 02/23/2021 | **No Summons Issued** | | | |
| 02/23/2021 | **Search for prior case performed per 2020-4-Civ-UFC-CO** | NONE | 📄 | 1 |
| 02/22/2021 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 02/22/2021 | **Complaint (eFiled)** | | 📄 | 20 |

---

**—** Hearing(s)                  Total: 0

**There is no Disposition information available for this case.**

---

**—** Related Case(s)                 Total: 0

**There is no related case information available for this case.**

THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

LARRY DARLINGTON,

      Plaintiff,

vs.                        CASE NO.: _____

COMBE, INC., d/b/a JUST FOR MEN, a
foreign corporation, and WALGREENS,
INC., a domestic corporation,

      Defendants.

_____/

## PLAINTIFF'S INITIAL COMPLAINT

Plaintiff, LARRY DARLINGTON ("Mr. Darlington" or "Plaintiff"), by and through undersigned counsel, brings this lawsuit against Defendants, COMBE, INC., d/b/a JUST FOR MEN ("COMBE" or "JUST FOR MEN") and WALGREENS, INC. ("WALGREENS"), and in support thereof states as follows:

1.      This is an action for damages in excess of thirty thousand dollars ($30,000), exclusive of interest, attorneys' fees, and/or costs, and is otherwise within the jurisdictional limits of this Court.

2.      At all material times hereto, Plaintiff was a resident of the State of Florida and otherwise *sui juris*.

3.      At all material times hereto, COMBE was a U.S. company with its principal place of business located in the State of New York, and authorized to and doing business in the State of Florida.

4.     At all material times hereto, WALGREENS was a U.S. company with the subject retail store located at 202 S. Federal Highway, Dania Beach, Florida 33004 (the "subject store"), and authorized to and doing business in the State of Florida.

5.     This Court has personal jurisdiction over Defendants under Fla. Stat. § 48.193 as:

a. Defendants, either by themselves, or through agents, representatives, employees, partners, affiliates, subsidiaries, manufacturers, and/or distributors, operates, conducts, engages in, or carries on a business or business venture within Florida and/or has an office or agency in this state; and/or

b. Defendants' tortious acts and/or omissions caused an injury to Plaintiff occurred within Florida arising out of an act and/or omission outside of this state, and, at or about the time of the injury, Defendants:

i. were engaged in solicitation or service activities within Florida; and/or,

ii. manufactured, designed, distributed, and/or serviced products, including beard/mustache/hair dye product, which were used within Florida in the ordinary course of commerce, trade, and/or use.

6.     Plaintiff was a foreseeable purchaser, user, and/or owner of Just For Men Mustache and Beard M55 Real Black (Product Lot Code: Z18A169; Interior Container Code: 113022 / 113056) ("beard dye" or "hair color" or "Product") designed, manufactured, assembled, distributed, and/or sold by Defendants.

7.     Venue is proper in the Circuit Court of Broward County, Florida.

8.     On or about April 30, 2018, Plaintiff visited a Walgreens store located at or around 202 S. Federal Highway, Dania Beach, Florida 33004, as a lawful business invitee and purchased the Product.

9.      On or about April 30, 2018, in or around Hollywood, Florida, the Plaintiff, LARRY DARLINGTON, was using the Product manufactured, designed, assembled, distributed, warranted, and/or sold by Defendants, as intended and/or instructed.   Specifically, Plaintiff applied a test of the Product on his chin and waited approximately forty-eight hours before applying generally to his beard, mustache, goatee, and/or sideburns as instructed by the Defendants.

10.     Following the approximately forty-eight (48) hours after Plaintiff's test of the Product, the Plaintiff applied the Product to his beard, mustache, goatee, and/or sideburns as instructed by the Defendants.

11.     On said date, the Product did not function and/or operate as Plaintiff, or any reasonable consumer, would expect, in that the defective Product caused permanent skin discoloration, permanent scarring, permanent disfigurement, burning, bleeding, chemical leukoplakia, oozing, irritation, tingling, rashes, itching, swelling, redness and/or agonizing pain and suffering all over Plaintiff's face, beard, mustache, goatee, and/or sideburns.

12.     As a result of the subject incident and defective nature of the Product, and as a direct and proximate cause of the acts/omissions of the Defendants, Plaintiff suffered severe and permanent injuries, mental anguish, disfigurement, pain and suffering, loss of enjoyment of life, lost wages, lost earning capacity, and/or medical expenses.

## COUNT I – NEGLIGENCE AGAINST COMBE

13.     Plaintiff reasserts paragraphs 1-12 as stated fully herein.

14.     As a foreseeable consumer, purchaser, end user, and/or owner of the subject Product, Defendant owed Plaintiff a duty to exercise reasonable care in designing, manufacturing, testing, warning, distributing, warranting, and/or selling the subject Product.

3

15.     On or before the date of the subject incident, Defendant negligently manufactured, designed, failed to warn or inadequately warned, failed to recall, and/or failed to properly and thoroughly inspect the subject Product for defects, either patent or latent, before placing said defective Product into the stream of commerce.

16.     The subject Product was unreasonably dangerous and failed to function, operate, and/or perform as a reasonable and foreseeable consumer, such as the Plaintiff, and in the Plaintiff's position, would expect.

17.     Defendant Combe knew or should have known that the subject Product was defective, unreasonably dangerous, hazardous, and/or negligently manufactured, designed, and/or inadequate with respect to warnings, yet took no action to remedy said defects, acts or omissions.

18.     Defendant Combe knew or should have known of the defective and hazardous condition of the Product based on reasonable inspections, testing, prior incidents, customer complaints, warranty issues, and/or lawsuits, but nevertheless ignored said notice and/or knowledge (actual and/or constructive), and simply chose not to act and/or rectify said defect(s) and/or hazardous condition(s).

19.     Defendant Combe knew the Product was defective and unreasonably dangerous but refused to recall, redesign and/or adequately warn Plaintiff and/or other foreseeable users of said defect(s) or hazard(s).

20.     Defendant Combe failed to have in place or implement necessary and/or adequate safety measures, procedures, testing, screening, inspections, and/or properly trained personnel, to ensure that the defective and negligently designed and/or manufactured Product did not reach foreseeable consumers and/or users such as the Plaintiff, in a defective and/or unreasonably

4

dangerous condition.  If the inspection, testing, or evaluation process had been properly executed as a reasonable manufacturer/designer/distributor/retailer would have, and a reasonable consumer would expect, then it would have disclosed the unreasonable risks of harm and/or defects that foreseeable users, such as Plaintiff, would face when using the Product for its intended purpose and/or use.

21.     As a direct and proximate cause of Defendant Combe's negligent acts/omissions, Plaintiff suffered permanent skin discoloration, permanent scarring, permanent disfigurement, burning, bleeding, chemical leukoplakia, oozing, irritation, tingling, rashes, itching, swelling, redness and/or agonizing pain and suffering all over Plaintiff's face, beard, mustache, goatee, and/or sideburns, as well as resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and the loss of ability to earn money.   Said losses are permanent and/or continuing and Plaintiff will suffer the losses in the future.

22.     As a result of these injuries directly and proximately caused by Defendant Combe, the Plaintiff incurred medical, hospital, physician, pharmaceutical, and related expenses in the treatment of his serious and permanent injuries.

As a result, Plaintiff, LARRY DARLINGTON, demands judgment for damages against COMBE, INC., and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

## COUNT II – STRICT LIABILITY DESIGN DEFECT AGAINST COMBE

23.     Plaintiff reasserts paragraphs 1-12 as stated fully herein.

24.     At the time the Product left the hands, possession, control, or dominion of Defendant Combe, it was unreasonably dangerous and defective.  It posed an unreasonable risk

of harm to its end foreseeable users. It was foreseeable and/or known that the Product could and/or would cause severe harm and injuries to its users, such as the Plaintiff.

25.     The Product was defectively designed. The Product was defectively designed with inherent flaws, as to ingredients, chemicals, chemical composition, make-up, balance, ratio, and the like, which, under normal and/or intended use, caused the end foreseeable user, such as Plaintiff, significant physical injuries, serious bodily harm, and/or permanent disfigurement.

26.     The Product was defectively designed in one or more of the following ways:

    A.     The Product was designed with inherent flaws as to its chemical and/or ingredient make-up and design, which caused the Product to cause severe and permanent injuries under normal and/or intended use on the date of the subject incident;

    B.     The Product was defectively designed, manufactured, assembled and/or distributed with dangerous, hazardous, improper, inadequate, and/or unsafe p-Phenylenediamine (PPD), which caused severe and permanent injuries, skin discoloration, disfigurement, and the like.

    C.     The Product contained dangerous, hazardous, improper, inadequate, and/or unsafe p-Phenylenediamine (PPD), which is a well-recognized and thoroughly-documented, noteworthy, and/or severe allergen. Defendant Combe had actual and/or constructive notice of the dangerous, hazardous and overwhelming risks associated with PPD yet took no action to design out said risks, safeguard said risks, and/or adequately warn of said risks.

    D.     The individual design of the Product was not suitable with regard to its composition, chemicals, ingredients, material make-up, amounts, size, ratio, proportionality, compatibility, suitability, durability for the Product's normal and intended usage, resulting in severe and permanent injuries.

The aforementioned defective design(s) and/or flaw(s) subjected Plaintiff to significant physical injuries, serious bodily harm, and permanent depigmentation, discoloration, and/or scarring.

27.     At the time of the incident, the Product was in the same condition, without any modifications or alterations as at the time when Defendant Combe designed, manufactured,

assembled, distributed, sold and/or otherwise disseminated the Product into the stream of commerce.

28. As part of the chain of distribution, Defendant Combe is directly responsible for the permanent disfigurement and severe injuries to Plaintiff Larry Darlington because the subject Product was defectively designed.

29. The design defects mentioned in the preceding paragraphs existed when the Product left the hands, possession, control or dominion of Defendant Combe. It was foreseeable that these defects would cause serious harm or injuries to consumers, including the Plaintiff Larry Darlington, and other users of the Product.

30. As a direct, proximate and foreseeable result of the Product's defects mentioned above at the hands of Defendant Combe, by and through its agents, employees, and/or representatives, the Plaintiff, Larry Darlington, was severely injured and disfigured. He has in the past and will in the future suffer and incur the following damages: costs and expenses of medical care, attention and treatment, and the costs associated with and necessary to secure said medical care; bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money. The losses are permanent and/or continuing and Plaintiff will suffer the losses in the future.

Based on the foregoing, Plaintiff, Larry Darlington, demands judgment for damages against Defendant Combe, and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

## COUNT III – MANUFACTURING DEFECT AGAINST COMBE

31.     Plaintiff reasserts paragraphs 1-12 as stated fully herein.

32.     The Product was defectively manufactured with irregularities, anomalies, and/or one-of-a-kind non-conformities in its design different from all other manufactured products of the same style and type, that were present when the subject Product left the possession, custody, and/or control of Defendant Combe prior to entering the stream of commerce, which rendered the subject Product defective and unreasonably dangerous.

33.     The Product was defective and unreasonably dangerous as to its manufacture because it did not conform to its intended design and/or departed from its intended design with respect to its overall design, function, ingredients, chemicals, composition, make-up, ratio, balance, proportionality, and the like.

34.     The aforementioned manufacturing flaw(s) or defect(s) in the Product resulted in it failing to perform as the intended design would have performed.

35.     The manufacturing flaw(s) or defect(s) caused the subject Product not to perform under normal and/or intended use as a reasonable consumer would expect it to.

36.     The manufacturing flaw(s) or defect(s) in the Product caused Plaintiff significant physical injuries, serious bodily harm, and/or permanent disfigurement.

37.     As part of the chain of distribution, Defendant Combe is directly responsible for the permanent injuries to Plaintiff Larry Darlington because the Product was defectively manufactured.

38.     As a direct, proximate and foreseeable result of the Product's manufacturing defects mentioned above at the hands of Defendant Combe, by and through its agents, employees, and/or representatives, the Plaintiff, Larry Darlington, was severely injured and

permanently disfigured.  He has in the past and will in the future suffer and incur the following damages: costs and expenses of medical care, attention and treatment, and the costs associated with and necessary to secure said medical care; bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

As a result, Plaintiff, Larry Darlington, demands judgment for damages against Defendant Combe, and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

### COUNT IV — STRICT LIABILITY FAILURE TO WARN AGAINST COMBE

39.     Plaintiff reasserts paragraphs 1-12 as stated fully herein.

40.     At all times material hereto, Defendant Combe was in the business of designing, manufacturing, distributing, assembling, and/or selling hair, beard, and/or mustache dye, such as the one used by Plaintiff on the date of the subject incident.

41.     Defendant Combe designed, manufactured, distributed and/or sold the subject Product which caused serious injuries, severe burns, permanent discoloration, disfigurement, scarring, pain and suffering, loss wages, and the like, to Plaintiff.  Defendant Combe was further responsible for the adequacy, or lack thereof, of warnings for safe use and operation of the Product and any known, foreseeable, patent, or latent hazardous conditions and/or defects.

42.     The Product was expected to and did reach users such as Plaintiff in the same condition in which it was designed, manufactured and/or sold.

43.     The Product was unreasonably dangerous to users and consumers, such as Plaintiff, because it did not contain adequate warnings.

9

44.     The hazards of using and/or operating the Product were not obvious, readily apparent, or as well known to Plaintiff and other users/consumers as it was to Defendant Combe.

45.     At the time Plaintiff was injured, the Product was being used in the manner for which it was intended and/or being used in a reasonably foreseeable manner.

46.     The Product did not perform as safely as an ordinary consumer would expect when used in its intended manner and/or being used in a reasonably foreseeable manner.

47.     The Product was defective because it did not have a sufficient and/or adequate warning(s) advising users of the dangers or hazards of permanent skin discoloration, permanent scarring, permanent disfigurement, burning, bleeding, chemical leukoplakia, oozing, irritation, tingling, rashes, itching, swelling, redness and/or agonizing pain and suffering, from the normal and/or intended use of the subject Product, and/or delineating measures to guard against such dangers and/or hazards.

48.     Defendant Combe could have reduced the foreseeable risks of harm posed by the defective Product by providing adequate, sufficient, and/or reasonable warnings.

49.     As a direct and proximate result of the aforementioned failure(s) to warn, Plaintiff suffered injuries to his person, including severe injuries and/or permanent disfigurement. He has in the past and will in the future suffer and incur the following damages: costs and expenses of medical care, attention and treatment, and the costs associated with and necessary to secure said medical care; bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money. The losses are permanent or continuing and Plaintiff will suffer the losses in the future.

Based on the foregoing, Plaintiff, Larry Darlington, demands judgment for damages against Defendant Combe, and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

### COUNT V – BREACH OF IMPLIED WARRANTY AGAINST COMBE

50.     Plaintiff reasserts paragraphs 1-12 as stated fully herein.

51.     Prior to the time that the Product was used by Plaintiff, Defendant Combe impliedly warranted to foreseeable users/consumers, such as Plaintiff, that the Product was of merchantable quality and safe and fit for the normal use for which it was intended.

52.     Plaintiff reasonably relied entirely on the skill, judgment, experience, and/or implied warranty of the Defendant Combe in using the Product.

53.     The Product was neither safe for its intended use nor of merchantable quality, as warranted by Defendant Combe, in that it had dangerous propensities when put to its intended use, causing severe injuries to Plaintiff.

54.     Defendant, by designing, manufacturing, distributing, selling, and/or placing into the stream of commerce the defective Product, breached the implied warranty of merchantability and fitness, and caused Plaintiff to suffer serious injuries, severe pain, permanent disfigurement, suffering, emotional distress, incur medical expenses, and incur a loss of earning capacity.

55.     As a result of the aforementioned breach of implied warranties by Defendant Combe, the Plaintiff suffered severe injuries and damages as alleged herein.

As a result, Plaintiff demands judgment for damages against Defendant Combe, and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

## COUNT VI – NEGLIGENCE AGAINST WALGREENS

56.     Plaintiff reasserts paragraphs 1-12 as stated fully herein.

57.     As a foreseeable consumer, purchaser, end user, and/or owner of the subject Product, Defendant Walgreens owed Plaintiff a duty to exercise reasonable care in designing, manufacturing, assembling, warning, distributing, disseminating, merchandising, warranting, and/or selling the subject Product.

58.     On or before the date of the subject incident, Defendant Walgreens negligently manufactured, designed, failed to warn or inadequately warned, failed to recall, and/or failed to properly and thoroughly inspect the subject Product for defects, either patent or latent, before placing the defective Product into the stream of commerce and/or selling the Product.

59.     The Product was unreasonably dangerous and failed to function, operate, and/or perform as a reasonable and foreseeable consumer, such as the Plaintiff, and in the Plaintiff's position, would expect it to.

60.     Defendant Walgreens knew or should have known that the Product was defective, unreasonably dangerous, hazardous, and/or negligently manufactured, designed, and/or inadequate with respect to warnings, yet took no action to remedy, guard, and/or safeguard against said defects, acts or omissions.

61.     Defendant Walgreens knew or should have known of the defective and hazardous condition of the Product based on reasonable inspections, testing, prior incidents, customer complaints, warranty issues, lawsuits, and/or other actual or constructive notice, but nevertheless ignored said notice and/or knowledge, and simply chose not to act and/or rectify said defect(s) and/or hazardous condition(s).

62.    Defendant Walgreens knew the Product was defective and unreasonably dangerous but refused to recall and/or adequately warn Plaintiff, and/or other foreseeable users, of said defect(s) or hazard(s).

63.    Defendant Walgreens failed to have in place or implement necessary and/or adequate safety measures, procedures, testing, screening, inspections, and/or properly trained personnel, to ensure that the defective and negligently designed and/or manufactured Product did not reach foreseeable consumers and/or users such as the Plaintiff, in a defective and/or unreasonably dangerous condition.  If the inspection, testing, or evaluation process had been properly executed as a reasonable manufacturer/designer/distributor/retailer would have, then it would have revealed the unreasonable risks of harm and/or defects that foreseeable users, such as Plaintiff, would face when using the Product for its intended purpose and/or use.

64.    As a direct and proximate cause of Defendant Walgreen's negligent acts/omissions, Plaintiff suffered permanent disfigurement, permanent skin discoloration, permanent scarring, burning, bleeding, chemical leukoplakia, oozing, irritation, tingling, rashes, itching, swelling, redness and/or agonizing pain and suffering all over Plaintiff's face, beard, mustache, goatee, and/or sideburns, as well as resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and the loss of ability to earn money.   Said losses are permanent or continuing and Plaintiff will suffer the losses in the future.

65.    As a result of these injuries directly and proximately caused by Defendant Walgreens, the Plaintiff incurred medical, hospital, physician, pharmaceutical, and related expenses in the treatment of his serious and permanent injuries.

As a result, Plaintiff, LARRY DARLINGTON, demands judgment for damages against Walgreens, and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

## COUNT VII – STRICT LIABILITY DESIGN DEFECT AGAINST WALGREENS

66.     Plaintiff reasserts paragraphs 1-12 as stated fully herein.

67.     Defendant Walgreens was in the direct chain or stream of commerce responsible for designing, manufacturing, assembling, distributing, retailing, merchandising and/or otherwise disseminating the Product to the public, including the Plaintiff in this case.

68.     At the time the Product left the hands, possession, control, or dominion of Walgreens, it was unreasonably dangerous and defective. It posed an unreasonable risk of harm to foreseeable end users such as the Plaintiff. It was reasonably foreseeable and/or known that the Product could and/or would cause severe harm and/or permanent injuries to its users.

69.     The Product was defectively designed in one or more of the following ways:

A.     The Product was designed with inherent flaws as to its chemical and/or ingredient make-up and design, which caused the Product to cause severe and permanent injuries under normal and/or intended use on the date of the subject incident;

B.     The Product was defectively designed, manufactured, assembled and/or distributed with dangerous, hazardous, improper, inadequate, and/or unsafe p-Phenylenediamine (PPD), which caused severe and permanent injuries, skin discoloration, disfigurement, and the like.

C.     The Product contained dangerous, hazardous, improper, inadequate, and/or unsafe p-Phenylenediamine (PPD), which is a well-recognized and thoroughly documented noteworthy, severe allergen. Defendant Combe had actual and/or constructive notice of the dangerous, hazardous and overwhelming risks associated with PPD yet took no action to design out said risks, safeguard said risks, and/or adequately warn of said risks.

D.     The individual design of the Product was not suitable with regard to its composition, chemicals, ingredients, material make-up, amounts, size, ratio, proportionality, compatibility, suitability, durability for the

14

Product's normal and intended usage, resulting in severe and permanent injuries.

The aforementioned defective design(s) and/or flaw(s) subjected Plaintiff to significant physical injuries, serious bodily harm, and permanent depigmentation, discoloration, and/or scarring.

70.    At the time of the incident, the Product was in the same condition, without any modifications or alterations as at the time when Defendant Walgreens designed, manufactured, assembled, distributed, merchandised, sold and/or otherwise disseminated the Product into the stream of commerce.

71.    As an integral part of the chain of distribution, Defendant Walgreens is directly responsible for the permanent disfigurement and severe injuries to Plaintiff Larry Darlington because the subject Product was defectively designed.

72.    The design defects mentioned in the preceding paragraphs existed when the Product left the hands, possession, control or dominion of Defendant Walgreens.  It was foreseeable that these defects would cause serious harm and/or permanent injuries to consumers, including the Plaintiff Larry Darlington, and other users of the Product.

73.    As a direct, proximate and foreseeable result of the Product's defects mentioned above at the hands of Defendant Walgreens, by and through its agents, employees, and/or representatives, the Plaintiff, Larry Darlington, was severely injured and disfigured.  He has in the past and will in the future suffer and incur the following damages: cost and expense of medical care, attention and treatment, and the costs associated with and necessary to secure said medical care; bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money.   The losses are permanent and/or continuing and Plaintiff will suffer the losses in the future.

Based on the foregoing, Plaintiff, Larry Darlington, demands judgment for damages against Defendant Walgreens, and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

### COUNT VIII: MANUFACTURING DEFECT AGAINST WALGREENS

74.     Plaintiff reasserts paragraphs 1-12 as stated fully herein.

75.     The Product was defectively manufactured with irregularities, anomalies, and/or one-of-a-kind non-conformities in its design different from all other manufactured products of the same style and type, that were present when the subject Product left the possession, custody, and/or control of Defendant Walgreens prior to entering the stream of commerce, and/or sale-and-purchase, which rendered the subject Product defective and unreasonably dangerous.

76.     The Product was defective and unreasonably dangerous as to its manufacture because it did not conform to its intended design and/or departed from its intended design with respects to its overall design, function, ingredients, chemicals, composition, make-up, ratio, balance, proportionality, and the like.

77.     The aforementioned manufacturing flaw(s) or defect(s) in the Product resulted in it failing to perform as the intended design would have performed.

78.     The manufacturing flaw(s) or defect(s) caused the subject Product not to perform under normal and/or intended use as a reasonably consumer would expect it to.

79.     The manufacturing flaw(s) or defect(s) in the Product caused Plaintiff significant physical injuries, serious bodily harm, and/or permanent disfigurement.

80.     As an integral part of the chain of distribution, Defendant Walgreens is directly responsible for the permanent injuries to Plaintiff Larry Darlington because the Product was defectively manufactured.

81.     As a direct, proximate and foreseeable result of the Product's manufacturing defects mentioned above at the hands of Defendant Walgreens, as an integral part of the distribution chain, the Plaintiff, Larry Darlington, was severely injured and permanently disfigured.  He has in the past and will in the future suffer and incur the following damages: costs and expenses of medical care, attention and treatment, and the costs associated with and necessary to secure said medical care; bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money.   The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

As a result, Plaintiff, Larry Darlington, demands judgment for damages against Defendant Walgreens, and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

**COUNT IX: STRICT LIABILITY FAILURE TO WARN AGAINST WALGREENS**

82.     Plaintiff reasserts paragraphs 1-12 as stated fully herein.

83.     At all times material hereto, Defendants were in the business of designing, manufacturing, distributing, assembling, merchandising and/or selling hair, beard, and/or mustache dye, such as the one used by Plaintiff on the date of the subject incident.

84.     Defendant Walgreens designed, manufactured, assembled, distributed, merchandised and/or sold the subject Product which caused serious injuries, severe burns, permanent discoloration, disfigurement, scarring, pain and suffering, loss wages, and the like, to Plaintiff.  Defendant Walgreens was further responsible for the adequacy, or lack thereof, of warnings for safe use and operation of the Product and any known, foreseeable, patent, or latent hazardous conditions and/or defects.

17

85.     The Product was expected to and did reach users such as Plaintiff in the same condition in which it was designed, manufactured and/or sold.

86.     The Product was unreasonably dangerous to users and consumer, such as Plaintiff, because it did not contain adequate warnings.

87.     The hazards of using and/or operating Product were not obvious, readily apparent, or as well known to Plaintiff and other users/consumers as it was to Defendant Walgreens.

88.     At the time Plaintiff was injured, the Product was being used in the manner for which it was intended and/or being used in a reasonably foreseeable manner.

89.     The Product did not perform as safely as an ordinary consumer would expect when used in its intended manner and/or being used in a reasonably foreseeable manner.

90.     The Product was defective because it did not have a sufficient and/or adequate warning(s) advising users of the dangers or hazards of permanent skin discoloration, permanent scarring, permanent disfigurement, burning, bleeding, chemical leukoplakia, oozing, irritation, tingling, rashes, itching, swelling, redness and/or agonizing pain and suffering, from the normal and/or intended use of the subject Product, and/or delineating measures to guard against such dangers and/or hazards.

91.     Defendant Walgreens could have reduced the foreseeable risks of harm posed by the defective Product by providing adequate, sufficient, and/or reasonable warnings.

92.     As a direct and proximate result of the aforementioned failure to warn, Plaintiff suffered injuries to his person, including severe injuries and/or permanent disfigurement. He has in the past and will in the future suffer and incur the following damages: costs and expenses of medical care, attention and treatment, and the costs associated with and necessary to secure said medical care; bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money. The losses are permanent or continuing and Plaintiff will suffer the losses in the future.

Based on the foregoing, Plaintiff, Larry Darlington, demands judgment for damages against Defendant Walgreens, and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

## COUNT V: BREACH OF IMPLIED WARRANTY AGAINST WALGREENS

93. Plaintiff reasserts paragraphs 1-12 as stated fully herein.

94. Prior to the time that the Product was used by Plaintiff, Defendant Walgreens impliedly warranted to foreseeable users/consumers, such as Plaintiff, that the Product was of merchantable quality and safe and fit for the normal use for which it was intended.

95. Plaintiff reasonably relied entirely on the skill, judgment, experience, and/or implied warranty of the Defendant Walgreens in purchasing and/or using the Product.

96. The Product was neither safe for its intended use nor of merchantable quality, as warranted by Defendant Walgreens, in that it had dangerous propensities when put to its intended use, causing severe injuries to Plaintiff.

97. Defendant Walgreens, by designing, manufacturing, assembling, distributing, disseminating, merchandising, selling, and/or placing into the stream of commerce the defective Product, breached the implied warranty of merchantability and fitness, and caused Plaintiff to suffer serious injuries, severe pain, permanent disfigurement, suffering, and emotional distress, incur medical expenses, and incur a loss of earning capacity.

98. As a result of the aforementioned breach of implied warranties by Defendant Walgreens, the Plaintiff suffered severe injuries and damages as alleged herein.

99.     As a result, Plaintiff demands judgment for damages against Defendant Walgreens, and such further relief as this Court deems just, equitable and proper, and further demands trial by jury of these issues.

## DEMAND FOR JURY TRIAL

Plaintiff, Larry Darlington, demands a trial by jury on all of the issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was filed by e-filing with the Clerk of the Court on February, 22, 2021 and via Florida e-Filing Portal.

*/s/ Armando G. Hernandez*
ARMANDO G. HERNANDEZ
Florida Bar. No. 85042
Law Offices of Armando G. Hernandez
780 Tamiami Canal Road
Miami, FL 33144
Office: 305.517.3540
Facsimile: 786.513.7888
Email: Armando@aghlawfirm.com
*Attorney for Plaintiff*

**FORM 1.997.     CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

<hr>

### I.     CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Larry Darlington</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>COMBE, INC., d/b/a JUST FOR MEN, WALGREENS, INC.</u>
Defendant

<hr>

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.     TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 02/22/2021 04:17:49 PM.****

**IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA**

Case No: CACE 21·3768

Larry Darlington
Plaintiff

Judge Division: 13

VS

Combe Inc ; Walgreens Inc
Defendant

### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–4–Civ/UFC/CO:

**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

**The Clerk has conducted a search for all previous existing civil cases related to these two parties.**

**Listed below are all the aforementioned related cases:** None



FILED
FEB 23 2021
By

Brenda D. Forman
Circuit and County Courts

KETORRA BURGH

By: _____

Deputy Clerk