IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LARRY DARLINGTON,

        Plaintiff,                   Case No.: 21-cv-60716-Ruiz/Strauss

v.

                                   **JURY TRIAL DEMANDED**

COMBE, INC., et al.,

        Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT COMBE INCORPORATED

COMES NOW Defendant, Combe Incorporated (Combe), by and through undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows. Any allegation not expressly admitted by Combe is denied.

1. Paragraph 1 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required, Combe admits only that Plaintiff seeks damages in excess of thirty thousand dollars ($30,000). Combe denies that it is liable to Plaintiff for any damages and denies all remaining allegations in paragraph 1 of Plaintiff's Complaint.

2. Combe lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Combe admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. The allegations in paragraph 4 are not directed toward Combe, and therefore no response is required. To the extent a response is required, Combe lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Paragraph 5 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required, Combe admits only that the U.S.

District Court for the Southern District of Florida has personal jurisdiction over the parties. Combe denies all remaining allegations in paragraph 5 of Plaintiff's Complaint, including the allegations in subparts a and b.

6. Paragraph 6 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required, Combe admits only that it designs, manufactures, distributes, and sells Just For Men. Combe denies all remaining allegations in paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required.

8. Combe lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Combe lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Combe lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Combe denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. Combe denies the allegations in paragraph 12 of Plaintiff's Complaint.

## COUNT 1 – NEGLIGENCE AGAINST COMBE[1]

13. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

---

[1] The repetition of the Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth.

14. Paragraph 14 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required, Combe denies all allegations in paragraph 14 of Plaintiff's Complaint.

15. Combe denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Combe denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Combe denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. Combe denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. Combe denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Combe denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Combe denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Combe denies the allegations in paragraph 22 of Plaintiff's Complaint.

In response to the unnumbered paragraph following paragraph 22 of Plaintiff's Complaint, Combe denies that Plaintiff is entitled to any recovery or any form of relief whatsoever. Combe denies the allegations contained in this paragraph of Plaintiff's Complaint.

## **COUNT II – STRICT LIABILITY DESIGN DEFECT AGAINST COMBE**

23. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

24. Combe denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. Combe denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Combe denies the allegations in paragraph 26 of Plaintiff's Complaint, including the allegations in subparts A-D.

27. Combe lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Combe denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Combe denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Combe denies the allegations in paragraph 30 of Plaintiff's Complaint.

In response to the unnumbered paragraph following paragraph 30 of Plaintiff's Complaint, Combe denies that Plaintiff is entitled to any recovery or any form of relief whatsoever. Combe denies the allegations contained in this paragraph of Plaintiff's Complaint.

### COUNT III – MANURACTURING DEFECT AGAINST COMBE

31. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

32. Combe denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Combe denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Combe denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. Combe denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Combe denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. Combe denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Combe denies the allegations in paragraph 38 of Plaintiff's Complaint.

In response to the unnumbered paragraph following paragraph 38 of Plaintiff's Complaint, Combe denies that Plaintiff is entitled to any recovery or any form of relief whatsoever. Combe denies the allegations contained in this paragraph of Plaintiff's Complaint.

### COUNT IV – STRICT LIABILITY FAILURE TO WARN AGAINST COMBE

39. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

40. Combe admits only that at all times relevant to the Complaint, it designed, distributed, and/or sold Just For Men Moustache and Beard products. Combe denies all remaining allegations in paragraph 40 of Plaintiff's Complaint.

41. Combe admits only that at all times relevant to the Complaint, it designed, distributed, and/or sold Just For Men Moustache and Beard products. Combe denies all remaining allegations in paragraph 41 of Plaintiff's Complaint.

42. Combe lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Combe denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Combe denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Combe denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. Combe denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Combe denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. Combe denies the allegations in paragraph 48 of Plaintiff's Complaint.

49. Combe denies the allegations in paragraph 49 of Plaintiff's Complaint.

In response to the unnumbered paragraph following paragraph 49 of Plaintiff's Complaint, Combe denies that Plaintiff is entitled to any recovery or any form of relief whatsoever. Combe denies the allegations contained in this paragraph of Plaintiff's Complaint.

**COUNT V – BREACH OF IMPLIED WARRANTY AGAINST COMBE**

50. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

51. Paragraph 51 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required, Combe admits only that its product is

5

of merchantable quality and safe and fit for its normal use for which it was intended. Combe denies all remaining allegations in paragraph 51 of Plaintiff's Complaint.

52. Combe lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Combe denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. Combe denies the allegations in paragraph 54 of Plaintiff's Complaint.

55. Combe denies the allegations in paragraph 55 of Plaintiff's Complaint.

In response to the unnumbered paragraph following paragraph 55 of Plaintiff's Complaint, Combe denies that Plaintiff is entitled to any recovery or any form of relief whatsoever. Combe denies the allegations contained in this paragraph of Plaintiff's Complaint.

## COUNT VI – NEGLIGENCE AGAINST WALGREENS

56. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

57-65. The allegations in Count VI (paragraphs 57-65, including subparts) are not directed to Combe and therefore no response is required. Should a response be deemed required, Combe denies the allegations set out in Count VI of Plaintiff's Complaint.

## COUNT VII – STRICT LIABILITY DESIGN DEFECT AGAINST WALGREENS

66. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

67-73. The allegations in Count VII (paragraphs 67-73, including subparts) are not directed to Combe and therefore no response is required. Should a response be deemed required, Combe denies the allegations set out in Count VII of Plaintiff's Complaint.

## COUNT VIII: MANUFACTURING DEFECT AGAINST WALGREENS

74. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

75-81. The allegations in Count VIII (paragraphs 75-81, including subparts) are not directed to Combe and therefore no response is required. Should a response be deemed required, Combe denies the allegations set out in Count VIII of Plaintiff's Complaint.

## COUNT IX: STRICT LIABILITY FAILURE TO WARN AGAINST WALGREENS

82. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

83-92. The allegations in Count IX (paragraphs 83-92, including subparts) are not directed to Combe and therefore no response is required. Should a response be deemed required, Combe denies the allegations set out in Count IX of Plaintiff's Complaint.

## COUNT X[2]: BREACH OF IMPLIED WARRANTY AGAINST WALGREENS

93. Combe incorporates by reference its responses to the allegations in paragraphs 1-12 of Plaintiff's Complaint.

94-99. The allegations in Count X (paragraphs 94-99, including subparts) are not directed to Combe and therefore no response is required. Should a response be deemed required, Combe denies the allegations set out in Count X of Plaintiff's Complaint.

## JURY DEMAND

Combe demands a trial by jury on all of the issues so triable as a matter of right.

---

[2] While this count is listed as "Count V" in Plaintiff's Complaint (*see* Compl. at p. 19), it is clear from the ordering that it is actually intended to be Count X.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted against Combe.

### SECOND AFFIRMATIVE DEFENSE

Any injuries and/or damages sustained by Plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of Combe.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is guilty of comparative culpable conduct and Plaintiff's respective recoveries, if any, should be diminished in proportion to his relative amount of comparative fault.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained the injuries alleged in the Complaint, said injuries were the proximate result of Plaintiff's misuse or abuse of the product at issue herein. Plaintiff failed to follow the instructions for use, including failing to properly follow instructions for performing the Skin Allergy Patch (Alert) Test.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff sustained the injuries alleged in the Complaint, there was an intervening or superseding cause or causes leading to said injuries, and therefore, any action on the part of Combe was not the proximate or competent producing cause of Plaintiff's injuries.

**SIXTH AFFIRMATIVE DEFENSE**

The events complained of in Plaintiff's Complaint resulted from the actions of other parties, the Plaintiff, or non-parties, none of whom are under the control, supervision, or direction of Combe.

Any damages awarded in favor of Plaintiff is subject to the provisions of Florida Statutes Section 768.81, and Combe cannot be liable for more than its proportionate pro-rata percentage share of any damages awarded. Further, pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), any damages awarded are subject to the total fault of all participants, whether current parties, unnamed parties, or parties who have settled, and all should be included on the verdict form for purposes of apportionment of fault.

The identity of additional third persons or entities is intended to be discovered through the normal course of discovery and will be specifically identified in an amendment to this affirmative defense, pursuant to *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel, waiver, laches and statutory compliance.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are time barred pursuant to the applicable Statute of Limitations.

### NINTH AFFIRMATIVE DEFENSE

The accident herein falls under the provisions of certain statutory enactments and/or amendments which took effect in the State of Florida on October 1, 199, which specifically address but are not limited to:

a. § 768.1257, State-Of-The-Art-Defense for products liability;

b. § 768.1256 Government Rules Defense;

c. § 768.81 Comparative Fault.

Combe pleads all of the defenses available to it under such enactments and/or amendments, including that the product was State-of-the-art at all relevant times, that Combe complied with all applicable government rules and regulations, and that persons other than Combe were at fault.

### TENTH AFFIRMATIVE DEFENSE

Certain collateral source benefits were paid to, for, or on behalf of Plaintiff, or are payable or available to, for, or on behalf of Plaintiff. Such collateral source payments must be deducted from the jury verdict, if against Combe.

Combe asserts the alleged incident herein falls under the provisions of the "Tort Reform and Insurance Act of 1986" which said act specifically addresses but is not limited to: § 768.76, Deduction From Jury Verdict of all Collateral Source Payments to Plaintiff; § 768.78, Alternative Methods of Payment of Damage Awards; § 768.81, Contributory Fault and Apportionment of Damages Between Tortfeasors. Combe pleads all of the defenses available to it under said Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by virtue of the fact that the dangers, if any, claimed by Plaintiff were open and obvious and known to Plaintiff and by Plaintiff's assumption of the risks thereof.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he cannot establish that a feasible safer alternative design was available with respect to the product that allegedly caused Plaintiff's claimed injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the injuries alleged in the Complaint resulted from a pre-existing and/or unrelated medical or genetic conditions and not from any act or omission by Combe.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be diminished, in whole or in part, by any amount paid by or fairly allocable to any party with whom Plaintiff has settled or may settle.

## SIXTEENTH AFFIRMATIVE DEFENSE

Combe is entitled to a setoff against any verdict returned in this action to the extent that Plaintiff has received any payment or benefits from any statutory collateral source.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Prior to and at the time of the occurrences of which Plaintiff complains, Plaintiff was not using the product complained of in a manner in which it was intended to be used.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Prior to and at the time of the occurrences of which Plaintiff complains, the product complained of was not in the same condition as it was at the time it left Combe's control, said product having been independently and materially changed, altered and modified by others, over whom Combe had no control.

### NINETEENTH AFFIRMATIVE DEFENSE

The alleged injuries of which Plaintiff complains were solely or substantially caused by disease, genetic conditions, or other factors not connected with the product.

### TWENTIETH AFFIRMATIVE DEFENSE

The product was not unreasonably dangerous, was suitable for the purpose for which it was intended, and was sold and distributed with adequate warnings and instructions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part by the *Restatement (Second) of Torts*, Section 402A, Comment k, as well as the applicable provisions of the Statement (3rd) of Torts and Florida law upholding and applying these provisions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Combe is not strictly liable to plaintiff because the product was not defective when it left Combe's possession or at any other relevant time.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Combe acted in good faith at all relevant times and gave adequate warnings of all known or reasonably knowable risks associated with the use of its product.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff used the product for other than its intended purpose and inconsistent with its instructions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's medical conditions or injuries, if any, were not caused by the negligence or wrongful acts of Combe.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages and the damages awarded, if any, must accordingly be reduced.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Combe asserts that all of Plaintiff's claims are barred or diminished because of failure of Plaintiff or other parties or non-parties to preserve evidence.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

By entering into the activity in which Plaintiff was engaged at the time of the occurrence, Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof. Whatever injuries and damages were sustained by Plaintiff arose from and were caused by reason of such risks voluntarily undertaken by Plaintiff in said activities and such risks were assumed and accepted by Plaintiff in performing and engaging in such activities.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

## THIRTIETH AFFIRMATIVE DEFENSE

Combe affirmatively alleges that it engaged in reasonable care in its design, development, testing, manufacturing, marketing and/or distribution of the subject Just For Men® product described in the Plaintiff's Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Combe states that the alleged damages suffered by the Plaintiff are the result of conduct of third persons not a party to this lawsuit, or for whom Combe has no control, and accordingly, the liability of Combe, which is expressly denied, should be reduced by the degree of fault of these third parties pursuant to § 768.81, Florida Statutes, as well as *Nash v. Wells Fargo Guard Services*, 678 So. 2d 1262 (1996).

Any damages awarded in favor of Plaintiff is subject to the provisions of Florida Statutes Section 768.81, and Combe cannot be liable for more than its proportionate pro-rata percentage share of any damages awarded. Further, pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), any damages awarded are subject to the total fault of all participants, whether current parties, unnamed parties, or parties who have settled, and all should be included on the verdict form for purposes of apportionment of fault.

Should other such evidence develop, Combe reserves the right to amend its pleadings in accordance with *Nash v. Wells Fargo Guard Services*, 678 So. 2d 1262 (1996) and include potential third parties as Fabre Defendants on the verdict form. Combe would state, in accordance with *Nash v. Wells Fargo Guard Services*, 678 So. 2d 1262 (1996) that should any non-party defendant become Party Defendants through a process for Leave to Amend commenced by the Plaintiff, this Fabre Affirmative Defense shall survive any future settlement of the aforementioned potential Party Defendant; and should that potential Party Defendant be

added to the action and subsequently dismissed through voluntary dismissal or settlement, Combe requests that their names continue to appear on the verdict form in accordance with this affirmative defense.

Further, Combe reserves the right to adopt the Plaintiff's theories or expert testimony as to any other party to this lawsuit, and should potential Party Defendants become a non-party by way of settlement or dismissal, Combe reserves the right to request that the issue of its negligence be considered by the jury in this cause and to seek an appropriate apportionment by the jury.

Once third parties become known, Combe reserves the right to Amend its Affirmative Defenses to properly plead such third parties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Combe reserves the right to plead such additional separate defenses as may be appropriate, dependent upon facts revealed in discovery.

WHEREFORE, Combe requests that judgment be entered dismissing Plaintiff's Complaint, with prejudice; awarding Plaintiff nothing; and awarding Combe its costs and fees incurred in defending this action, and such other and further relief as the Court deems appropriate under the circumstances.

Date:   April 23, 2021

                                           Respectfully submitted,

                                           /s/ Ezequiel J. Romero
                                           Ezequiel J. Romero
                                           Florida Bar No. 107216
                                           BRYAN CAVE LEIGHTON PAISNER, LLP
                                           200 South Biscayne Blvd., Ste 400
                                           Miami, FL 33131
                                           Tel: (786) 322-7500
                                           Email: romeroe@bclplaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 23, 2021, a true and correct copy of Defendant Combe Incorporated's Answer and Affirmative Defenses was filed and served via e-mail utilizing the Courts CM/ECF system on all counsels of record.

                                                 */s/ Ezequiel J. Romero*
                                                 Ezequiel J. Romero, Esq.